IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| David Antonio Little, Jr., <br><br> Plaintiff, <br> v. <br><br> Director Bryan P. Stirling; Warden John Palmer; A.W. T. Robertson; Major Stanley Terry; Lt. Yolanda Taylor; Mail Clerk Lakiasa D. Gray, <br> Defendants. | Case No. 0:23-1245-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R&R) of the Magistrate Judge, recommending that Plaintiff's motion for summary judgment (Dkt. No. 123) be denied and Defendants' motion for summary judgment (Dkt. No. 119) be granted. (Dkt. No. 139). For the reasons below, the Court adopts the R&R as the Order of the Court, denies Plaintiff's motion, and grants Defendants' motion.

**I.     Background**

Plaintiff David Antonio Little, Jr., is an incarcerated person proceeding *pro se* to bring a claim under 42 U.S.C. § 1983 against Defendants, whom Plaintiff alleges have violated his constitutional rights by assigning him to the Structured Living Unit ("SLU"), restricting his ability to purchase books, and tampering with his legal mail. (*See* Dkt. No. 25). The Parties filed cross motions for summary judgment. (Dkt. Nos. 119, 123). The Magistrate Judge issued an R&R recommending that this Court grant Defendants' motion and deny Plaintiff's motion. (Dkt. No. 139). Plaintiff objected to the R&R. (Dkt. Nos. 141, 142). Defendants replied to Plaintiff's objection. (Dkt. No. 144). The parties' motions are fully briefed and ripe for disposition.

**II.     Legal Standard**

    **A.  Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    **B.  Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.  Discussion

After careful consideration of the R&R, the record, and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendants are entitled to summary judgment on Plaintiff's claims. Plaintiff filed objections to the R&R, which the Court addresses below.

#### A.  Exhaustion of Administrative Remedies

Plaintiff objects to the R&R's finding that he failed to exhaust administrative remedies for the majority of his claims prior to initiating this action. (Dkt. No. 141 at 1-3; Dkt. No. 142 at 1). Plaintiff claims that it is Defendants who have not abided by the SCDC grievance policy by failing to respond to numerous of his Requests to Staff Members ("RTSM"), and further argues that, because his placement in the SLU was the result of retaliation by prison officials, his allegations were of a criminal nature which entitled him to a streamlined grievance process. (Dkt. No. 141 at 1-2).

The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve the complaint through a Request to Staff Members ("RTSM") Form. After receiving a response to the RTSM Form, an inmate must submit a "Step 1 Grievance" Form attaching the RTSM Response, and may appeal the Warden's decision via a "Step 2 Grievance." The SCDC's response to the Step 2 Grievance Form is considered the agency's final determination, at which point a prisoner's administrative remedies have been exhausted. (*See* Dkt. No. 119-2; SCDC Policy GA-01.12, *https://doc.sc.gov/sites/doc/files/Documents/policy/GA-01-12.pdf*).

A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the

inmate. *Id.* (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

Plaintiff's exhaustion-related objections appear to result in part from a misunderstanding as to the R&R's determination regarding his SLU placement claim. (*See, e.g.*, Dkt. No. 142 at 1: "Prison officials allege that the Plaintiff's placement in SLU was a 'non-grievable' issue . . . The Plaintiff shows the Court that he indeed did follow the Policy GA-01.12 'Grievance System' and further shows strict proof that it was defendants and help from prison officials who did not follow the policy . . . ."). While Defendants did argue that Plaintiff's complaint regarding his assignment to the SLU was non-grievable, the R&R determined that Defendants failed to meet their burden to show an available remedy existed for Plaintiff to exhaust this claim, and proceeded to examine the claim on its merits. (Dkt. No. 139 at 8-9).

To the extent Plaintiff seeks to object to the R&R's finding that the remainder of his claims were not exhausted, this objection is overruled. Upon review of the record and case law, the Magistrate Judge ably determined that Plaintiff failed to exhaust his claims "either because Plaintiff failed to properly comply with the requirements of SCDC's grievance policy, or because Plaintiff's grievances were not filed and completed prior to Plaintiff's filing the instant case as required by the PLRA." (*Id.* at 9). Plaintiff does not contest that he filed the instant action prior to receiving a decision on either of his Step 2 grievances concerning alleged interference with his legal mail and inability to purchase books while housed in the SLU. (*Id.* at 7). These claims are thus not exhausted and barred from federal court. *See, e.g.*, *Inman v. Dewitt*, No. 5:19-cv-1880-JMC-KDW, 2020 WL 6276660, at *3 (D.S.C. June 25, 2020) (finding plaintiff failed to exhaust his administrative remedies because he "filed this lawsuit before receiving a response from his

5

Step 2 grievance"), *adopted by*, 2020 WL 5015434 (D.S.C. Aug. 24, 2020), *aff'd*, 2022 WL 101937 (4th Cir. Jan. 11, 2022); *Wilson v. Givens*, No. 9:21-cv-00523-RMGMHC, 2022 WL 2500356, at *3 (D.S.C. May 9, 2022) (finding "Defendants have clearly shown that Plaintiff failed to exhaust his administrative remedies prior to initiating this action" because Plaintiff filed his lawsuit before his Step 2 grievance was denied), *adopted by*, 2022 WL 2128548 (D.S.C. June 14, 2022*); Jones v. Riley*, No. 1:12-cv-01033-JMC, 2013 WL 3270449, at *2 (D.S.C. June 26, 2013) (finding plaintiff failed to exhaust his administrative remedies where he filed a lawsuit after submitting a Step 2 grievance form but before "wait[ing] the allotted amount of time for the IGC to respond and complete the entire process"), *aff'd sub nom. Jones v. Lane*, 546 F. App'x 299 (4th Cir. 2013).

### B. Procedural Due Process

This Court construes Plaintiff's other objections as responding to the R&R's determination that Plaintiff failed to show that his procedural due process rights were violated by way of his assignment to the SLU. (*See* Dkt. No. 139 at 9-13). The Magistrate Judge thoroughly analyzed Plaintiff's constitutional claim through application of the *Wilkinson* factors, and determined that "no reasonable jury could find that Plaintiff's conditions of confinement in the SLU at McCormick imposed an atypical and significant hardship such that he had a protected liberty interest." (*Id.* at 13). The R&R also noted that Plaintiff's objection that prison officials failed to follow SCDC policy in assigning him to the SLU, even if true, would not "rise to the level of a constitutional deprivation." (*Id.* at 10 n.3 (citing *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)). Plaintiff's conclusory objection that "he was indeed subjected to a significant hardship by his illegitimate placement in SLU" cannot sustain his motion for summary judgment

nor defeat Defendants' motion. As a result, Defendants are entitled to judgment as a matter of law on Plaintiff's procedural due process claim. (Dkt. No. 141, ¶ 12; Fed. R. Civ. P. 56(c)).

Accordingly, Plaintiff's objections to the R&R are overruled.

## IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court, **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 123) and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 119). Plaintiff's claim that his assignment to the SLU violated his procedural due process rights is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies.

**AND IT IS SO ORDERED.**

        s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

May 14, 2024  
Charleston, South Carolina